```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

RICHARD J. McALLAN,                 :

               Plaintiff,           :

     -against-                      :    01 Civ. 5281 (RJH)(HBP)

THOMAS VON ESSEN, et al.,           :

               Defendants.          :

----------------------------------X

RICHARD J. MCALLAN,                 :

               Plaintiff,           :

     -against-                      :    03 Civ. 8818 (RJH)(HBP)

MICHAEL BLOOMBERG, individually     :
and as Mayor of the City of
New York, et al.,                   :    MEMORANDUM OPINION
                                         AND ORDER
               Defendants.          :

----------------------------------X
```

          PITMAN, United States Magistrate Judge:

          Pro se plaintiff Richard J. McAllan moves for sanctions
pursuant to Rule 11 of the Federal Rules of Civil Procedure,
claiming that several of defendants's filings with the Court
included "false[] claims" that concealed certain relevant facts
and asserted frivolous legal arguments, and, further, that
defendants failed to conduct a reasonable inquiry of their
records prior to these filings.  For the reasons that follow,
plaintiff's motion is denied.

While on duty in 1986 as a paramedic for the New York City Fire Department (the "FDNY"), plaintiff was injured in an automobile accident.  Plaintiff claims that as a result of his injuries he became disabled, was removed from field work and was permanently assigned to light-duty work in the telemetry unit of the FDNY.

On February 12, 1992, the New York City Workers' Compensation Board (the "WCB") issued a Notice of Decision finding that plaintiff was "permanently partially disab[led]" (Notice of Motion for Sanctions ("Pl. Memo.") (Docket Item 96) Ex. 12).  The decision notes that the City of New York (the "City") stipulated to the WCB's finding.

In March 2001, plaintiff alleges that he was informed by defendant John Clair that he might be returned to "full duty" status and removed from the telemetry unit (Pl. Memo. ¶ 24 & Ex. 13).  Plaintiff claims in Docket No. 01 Civ. 5281, among other things, that the attempt to move plaintiff to full-duty status was in retaliation for a False Claims Act action that plaintiff had filed against the City and for plaintiff's public criticism of the FDNY.

In September 2003, plaintiff moved for partial summary judgment arguing in pertinent part that, under the doctrine of res judicata, the WCB's finding that he was "permanently par-tially disabled" and the City's stipulation to that fact meant

that the FDNY could never return him to full duty status without first having the WCB decision vacated (Tr.[1] at 5-7). Defendants argued that they were not challenging the fact that plaintiff was entitled to workers' compensation benefits, but that the stipulation before the WCB was an entirely separate matter that had no effect on the FDNY's ability to classify plaintiff as being on light or full duty (Tr. at 8-9). Following oral argument on June 2, 2004, Judge Holwell denied plaintiff's motion from the bench (Tr. at 22).

Plaintiff moved Judge Holwell to reconsider this decision, arguing once again that the WCB's determination that he is "'permanently partially disabled' has preclusive effect with respect to the FDNY's determination of his duty status." McCallan v. Von Essen, 01 Civ. 5281 (RJH)(HBP), 2004 WL 1907752 at *2 (S.D.N.Y. Aug. 25, 2004). In denying the motion, Judge Holwell wrote that "it is not clear that the issue decided in the workers' compensation board's conclusion that plaintiff is permanently partially disabled, and therefore deserving of benefits, is identical to the issue whether the plaintiff is fit for full or light paramedic duty. . . . [N]either collateral estoppel nor res judicata apply here." McCallan v. Von Essen, supra, 2004 WL 1907752 at *2.

---

[1]"Tr." refers to the transcript of proceedings before the Honorable Richard J. Holwell, United States District Judge, on June 2, 2004.

        In the instant motion, which I interpret liberally in
light of plaintiff's <u>pro</u> <u>se</u> status, <u>Haines v. Kerner</u>, 404 U.S.
519, 520 (1972) (<u>per</u> <u>curiam</u>); <u>Platsky v. Cent. Intelligence</u>
<u>Agency</u>, 953 F.2d 26, 28 (2d Cir. 1991), plaintiff claims that in
defendants' (1) oppositions to plaintiff's motions for partial
summary judgment and reconsideration, (2) answer to the second
amended consolidated complaint and (3) their pending motion for
summary judgment, defendants (1) submitted papers that concealed
the fact that defendants stipulated to plaintiff's permanent
light-duty status before the WCB, (2) falsely claimed that the
WCB's decision was not binding on the City, (3) submitted an
affidavit by Clair which falsely claimed that plaintiff was not
permanently assigned to the telemetry unit, and (4) failed to
conduct a reasonable investigation of their records which would
have revealed that plaintiff was permanently assigned to light-
duty status.[2]

        First, plaintiff's claim that defendants concealed the
fact that the City stipulated to plaintiff's permanent partial
disability before the WCB is simply false.  For example, in

_____

        [2]Plaintiff initially tried to make his Rule 11 motion by
handing me a letter during an October 24, 2005 discovery
conference.  After reading the letter during the conference, I
allowed plaintiff to make his arguments orally and then denied
the application from the bench, relying primarily on the
procedural deficiencies in plaintiff's application.  In this
decision, I address the substantive deficiencies in plaintiff's
motion.

defendants' memorandum of law in opposition to plaintiff's motion for partial summary judgment, defendants commit an entire subsection of their brief to arguing that even though the City stipulated to plaintiff's disability, the stipulation did not preclude the City from later modifying plaintiff's duty status (Pl. Memo. Ex. 17 at 15-16).  Defendants also devote more than a page of their brief in opposition to plaintiff's motion for reconsideration to this exact same issue (Pl. Memo. Ex. 20 at 8-9).

Second, plaintiff appears to claim that defendants' argument that the WCB decision did not preclude the FDNY and City from changing plaintiff's duty status is frivolous.  This claim is outlandish considering that Judge Holwell expressly found defendants' argument to be meritorious.  <u>McCallan v. Von Essen</u>, <u>supra</u>, 2004 WL 1907752 at *2.

Third, plaintiff asserts that an affidavit by Clair submitted with defendants' opposition to the motion for summary judgment falsely claimed that plaintiff was not permanently assigned to light-duty status in the telemetry unit.  The only evidence plaintiff submits to show that this statement is false is a memorandum from a Lieutenant Peter F.J. Thomson dated March 24, 1992 which states that "Paramedic McAllan is in a permanent slot.  He was initially assigned to fill a temporary vacancy to cover a paramedic on a [leave of absence].  Paramedic McAllan then filed for and was accepted into a regular vacancy in Teleme-

try" (Pl. Memo. Ex. 19).  Plaintiff argues that this memorandum
implies that he had a permanent position in telemetry that could
never be altered by the City or FDNY.

     As defendants point out, this memorandum and Clair's
statements are not contradictory.  Thomson was clearly using the
term "permanent" to refer to a position in which an employee
works full-time for an indefinite period and not to a position
that can never be altered or eliminated.  The memorandum cannot
be construed as claiming that plaintiff could never be removed
from his position in telemetry.  Further, nowhere does the
memorandum state that plaintiff had some sort of permanent light-
duty status.

     On the other hand, Clair's assertion in his affidavit
that plaintiff did not have a permanent assignment to telemetry
was intended to oppose plaintiff's argument that defendants were
in some way barred from removing plaintiff from telemetry or
altering his duty status (Pl. Memo. Ex. 18 ¶ 11).  Clair was not
questioning plaintiff's status as a full-time employee.

     Plaintiff also claims that Clair falsely stated that
plaintiff had to submit to a full duty examination by FDNY
medical staff and that plaintiff had to submit a new application
for reasonable accommodation for his disability even though he
had been granted a reasonable accommodation.  Plaintiff, however,

provides no factual basis for his contention that these state-
ments are false.

       Finally, plaintiff claims that defendants did not
conduct a reasonable investigation of their records and, had they
done so, they would have realized that plaintiff was assigned to
permanent light-duty status.  The support plaintiff provides for
his contention that he is on permanent light-duty status is not
compelling.  First, he includes an August 2, 1990 report by Dr.
Fred Hochberg, in which Dr. Hochberg opined that plaintiff is
"currently able to work in a light-duty capacity" (Pl. Memo. Ex.
6),[3] and another report from Dr. Robert Zaretsky, also prepared
in August 1990, which states that plaintiff is able to work but
should avoid heavy lifting (Pl. Memo. Ex. 9).  The reports state
that plaintiff has injuries to his back and leg but do not claim
that these conditions are permanent.  The fact that these reports
state that plaintiff then had limitations preventing him from
performing certain tasks due to these injuries, does not neces-

---

[3]Plaintiff claims that defendants concealed Dr. Hochberg's
report by photocopying it in such a manner that all the pages
were entirely black and unreadable.  The remedy for this problem,
however, is not a motion for sanctions; plaintiff simply should
have requested that defendants reproduce the illegible pages in a
readable form.  If defendants refused, plaintiff should have
moved to compel their production.  To the extent plaintiff also
claims that he was prejudiced by not having the document
available to him prior to moving for summary judgment, plaintiff
brought this problem upon himself by filing for summary judgment
before the close of discovery.

sarily mean that at some point in the future plaintiff's abilities will always be similarly limited.

Next, plaintiff attaches another report from Dr. Zaretsky dated February 6, 1992, which states that plaintiff "indicat[ed] he is working at modified duties" (Pl. Memo. Ex. 11). Plaintiff incorrectly claims that this statement constitutes a recommendation by Dr. Zaretsky that plaintiff should "continue to work at modified duties" (Pl. Memo. ¶ 22). It clearly does not.

Lastly, plaintiff attaches two letters written by his former attorney to the FDNY asserting that plaintiff is on permanent light duty (Pl. Memo. Exs. 14, 16). These letters only demonstrate plaintiff's position in a dispute with the FDNY and are not evidence that plaintiff was actually permanently assigned to light duty. Thus, plaintiff has provided no evidence that he was in fact permanently assigned to light-duty status. Furthermore, plaintiff's evidence in no way shows that defendants' did not conduct reasonable inquiry before submitting their papers to the Court.

For these reasons, I find that plaintiff's motion for

sanctions is entirely without merit and is denied.

Dated:   New York, New York
         September 22, 2006

                              SO ORDERED

                              _____
                              HENRY PITMAN
                              United States Magistrate Judge

Copies mailed to:

Mr. Richard J. McALLAN
P.O. Box 478
Bronx, New York   10463

Eric Eichenholtz, Esq.
Assistant Corporation Counsel
City of New York
100 Church Street
New York, New York   10007-2601